Inosencia SOLORIO, as administratrix of the Estate of Frank Solorio, deceased, Appellant,

v.

The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a corporation, Appellee.

No. 5106.

United States Court of Appeals
Tenth Circuit.
June 24, 1955.

Rex H. Holden, Oklahoma City, Okl., for appellant.

Gordon F. Rainey, Oklahoma City, Okl. (Rainey, Flynn, Green & Anderson, Oklahoma City, Okl., was with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

In this action brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., Inosencia Solorio, as administratrix of the estate of Frank Solorio, deceased, sought to recover from the Atchison, Topeka and Santa Fe Railway Company damages for the death of the decedent. The decedent was employed by the defendant as a section laborer. At the time of the accident resulting in his death, he was riding on a railway motor car owned and operated by the defendant. The railway motor car and an automobile collided at the intersection of the railroad and a certain highway. The decedent sustained injuries from which he died. Negligence on the part of the defendant was alleged as the proximate cause of the accident and resulting death. The defendant denied negligence on its part and pleaded affirmatively that the sole and proximate cause of the accident and resulting death was the negligence of the driver of the automobile. The jury returned a verdict for the defendant; judgment was entered upon the verdict; plaintiff appealed; and for convenience, continued reference will be made to the parties as plaintiff and defendant, respectively.

One contention urged for reversal of the judgment is that the court committed error in instructing the jury that the defendant was liable in damages if its negligence, combining with that of a third party, produced the death of the decedent where, or if, the injured

employee was wholly free from fault. Another contention is that the court erred in instructing the jury that the driver of the automobile had a duty to keep his automobile under control and be able to stop within the assured clear distance ahead. Federal Rule of Civil Procedure 51, 28 U.S.C.A., provides that no party may assign as error the giving of an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. The rule concerns itself with the time and the manner of objecting to instructions given by the court. It blueprints with meticulous care the juncture at which and the manner in which objections shall be made. In respect to time, it provides that objections shall be made before the jury retires to consider its verdict. And in respect to manner or substance, it provides that the grounds of objection shall be stated distinctly. According to the record before us, immediately after the conclusion of the giving of the instructions, the jury retired to consider its verdict. And out of the hearing of the jury, one of the attorneys stated that he would like for the record to note an exception of plaintiff to the instruction in relation to assured clear distance. The record is silent at that juncture in respect to any other objections or exceptions to the instructions. On the day following the return of the verdict, the attorneys for plaintiff appeared before the court and stated into the record certain objections and exceptions to the instructions. The attorneys for the defendant had no notice or knowledge in advance that such proceedings would take place and they were not present. When the motion for new trial came on to be heard, the question arose as to whether plaintiff had complied with Rule 51 in respect to her objections to the instructions. The court then stated into the record that just as soon as the jury went out or while they were going out, the attorneys for plaintiff came to the bench and in a low tone of voice called the matter of the instructions to the attention of the court. But the record fails to disclose what was said or stated at that time and in that manner. Calling to the attention of the court in a low tone of voice a matter or matters concerning the instructions as soon as the jury left the court room or as they were leaving to consider their verdict did not comply with the clear exaction of the rule in respect to the time for interposing objections to the instructions. Kanatser v. Chrysler Corp., 10 Cir., 199 F.2d 610, certiorari denied, 344 U.S. 921, 73 S.Ct. 388, 97 L.Ed. 710. The general exception to the instructions relating to clear distance ahead without stating any ground therefor failed completely to meet the plain command of the rule in respect to stating distinctly the grounds of objection. Allen v. Nelson Dodd Produce Co., 10 Cir., 207 F.2d 296. And stating into the record on the day following the return of the verdict objections and exceptions to the instructions did not constitute a compliance with the requirements of the rule. No question concerning the instructions was preserved for review on appeal.

Error is assigned upon certain argument made to the jury by one of the attorneys for the defendant. The substance of the argument was that insofar as the defendant was concerned, the accident was unavoidable; that the driver of the automobile was the one person guilty of negligence which caused the accident; that the reason plaintiff wanted to "get" the defendant was that it would be "a lead pipe cinch", and that in the event the jury should return a verdict for the defendant, it would not be ten days until plaintiff would institute in the state court an action against the driver of the automobile. When plaintiff interposed objection to the argument, the court observed that there was no evidence that plaintiff would institute an action against the driver of the automobile; observed that the attorney for the defendant was assuming that such an action would be filed; and instructed the jury that they should not consider any-

thing but the evidence in the case. Arguments of counsel should be confined to the questions in issue and the evidence relating thereto. But counsel may draw reasonable inferences and deductions from the facts and circumstances disclosed by the evidence. Generally, the propriety of a particular argument must be determined in the light of the facts in the case, in the light of the conduct of the trial, and in the light of the argument of opposing counsel. Abusive and inflammatory argument is improper. And strong appeals in the course of argument to sympathy, or appeals to passion, racial, religious, social, class, or business prejudice lie beyond the permissive range of propriety. But the argument now challenged did not bear tokens of that kind. It was well within the perimeter of propriety and did not constitute objectionable prejudice.

The judgment is affirmed.