Grant E. HAYES, Appellant,

v.

UNITED STATES of America,
Appellee (two cases).

Ronald J. McDONALD, Appellant,

v.

UNITED STATES of America,
Appellee (two cases).

Nos. 5347–5350.

United States Court of Appeals
Tenth Circuit.

Oct. 16, 1956.

Rehearing Denied Nov. 17, 1956.

Calvin L. Rampton and Bryant H. Croft, Salt Lake City, Utah (Zar E. Hayes and William G. Mulligan, New York City, on the brief), for appellants.

C. Nelson Day, Asst. U. S. Atty., Salt Lake City, Utah (Charles K. Rice, Asst. Atty. Gen., Joseph M. Howard, Attorney, Department of Justice, and A. Pratt Kesler, U. S. Atty., Salt Lake City, Utah, on the brief), for appellee.

Before HUXMAN, MURRAH, and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

These appeals are from judgments and sentences following the conviction of the defendants on three indictments charging them with wilfully and knowingly attempting to defeat and evade income taxes by filing and causing to be filed false and fraudulent returns, in violation of § 145(b) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 7201, 1954 Code. The indictments were in four counts, each charging violations for the years 1947, 1948, 1949 and 1950, and were in connection with the personal income tax returns of the defendants and the corporate returns of Grant E. Hayes Company, of which the defendant Hayes was President, and the defendant McDonald was Secretary. The cases were consoli-

dated for trial, and the defendants were first tried and convicted on each count of the three indictments. On appeal from the judgment and sentences, we reversed and remanded the cases for new trials, solely upon the ground that the court gave erroneous instructions as to the jury's consideration of character evidence. 10 Cir., 227 F.2d 540, 541, 544. Upon retrial, the defendants were again convicted on all counts of the indictments, and were duly sentenced upon such convictions. Several assignments of error are now urged, some of which were considered on the first appeal.

■ A considerable portion of appellants' brief is devoted to the sufficiency of the evidence to sustain the verdict. It is conceded that the evidence on the second trial is substantially the same as that of the first trial. On the former appeal, we said that "there was an abundance of evidence to sustain the verdict". No contention is made that the evidence on the second trial was more favorable to the defendants than on the first. The record discloses that there was some additional evidence in the second trial tending to support the charges. As to the sufficiency of the evidence, we adhere to the views expressed in our former opinion.

It is also urged that we reconsider our conclusion as to the admissibility of the corporation's income tax return for the year 1950. Section 305 of the Act of January 3, 1951, 64 Stat. 1220, 26 U.S. C.A. § 53 note, 1939 Code, requires corporations subject to the Act to file amended returns for the year 1950, and that no return for such taxable year with respect to any tax imposed by Chapter 1 of such Act filed on or before its effective date "shall be considered for any of such purposes as a return for such year." For the reasons stated in the opinion on the former appeal, the exhibit was admissible.[1]

For the first time, the defendants contend in this court that the indictments do not charge, and the evidence does not establish, facts constituting a violation of § 145(b). This section provides, in part, that "any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony * * *." Section 3616(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 7207, 1954 Code, provides that whenever any person delivers to the collector "any false or fraudulent list, return, * * * with intent to defeat or evade the valuation, enumeration, or assessment intended to be made; * * * shall be fined not exceeding $1,000, or imprisoned not exceeding one year, * * *."

■ Referring to the language of the Supreme Court in Berra v. United States, 351 U.S. 131, 76 S.Ct. 685, and the rule of Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418,[2] the appellants say that the end result of these decisions is that a prosecution cannot be had under § 145(b) for the filing of a false and fraudulent income tax re-

---

1. In the opinion on the first appeal, 227 F.2d 540, 542–543, we said:

"The offense of filing a fraudulent return for the purpose of evading income taxes is complete when the accused wilfully filed a false return, and as stated, there is nothing in the Act of January 3, 1951, indicating that by the passage of that Act Congress intended to wipe out or forgive such offenses. Had the original income tax return for the year 1950 not been admitted, the Government would have been unable to establish that a false and fraudulent return had

been filed with respect to revenue not affected by section 305 of the Act of January 3, 1951. The original corporation income tax return for the year 1950 was properly admitted in evidence." [Footnote omitted.]

2. The Spies case held that the willful omission to file a return and pay a tax as defined in § 145(a), a misdemeanor, cannot be made the basis for a violation of § 145(b), which makes it a felony to wilfully attempt to evade or defeat income tax.

turn to evade or defeat taxes, and the prosecutions for the filing of such returns are limited to § 3616(a). It is urged that we consider this question for the first time on appeal because of clear error affecting the substantial rights of the parties. Ordinarily, in criminal cases where substantial rights of a defendant are affected, we would not hesitate to consider the question, although not previously raised. However, the Supreme Court, in the Berra case, had the identical question before it and did not exercise its right to consider the question even though the defendant in that case had been sentenced to a term of four years under § 145(b), which was three years more than a sentence permitted under § 3616(a).[3] In view of the Supreme Court's reluctance to approach the question when not properly before it, we shall do likewise. Under these circumstances, we are reluctant to speculate on what the decision of the Supreme Court will be when the question is properly presented, particularly when the contention now raised, if sustained, would cut the heart out of § 145(b).[4]

 The record discloses that the defendants filed twenty requests for instructions. The failure to give some of these instructions, or the substance thereof, is assigned as error, specifically those dealing with circumstantial evidence, reasonable doubt, and intent. At the conclusion of the Court's instructions to the jury, the defendants took exception to certain instructions given, and stated that they further excepted to the failure of the Court to give a substantial portion of the requested instructions, referring to them only by number. Federal Rules of Criminal Procedure, Rule 30, 18 U.S.C.A., provides in part that "no party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury." This portion of the rule is substantially the same as that of Rule 51 of the Federal Rules of Civil Procedure, 28 U.S. C.A. The clear purpose of these rules is to require the objecting party, after the Court's instructions have been given, to call particular attention to errors in instructions and to state the grounds therefor. This permits the correction of any error in instructions given or refused before the jury retires. We have repeatedly held that the correctness of instructions will not be reviewed on appeal unless the objection is made before the jury retires to consider its verdict,[5] in which objection the grounds must be stated distinctly. Jones v. Koma, Inc., 10 Cir., 218 F.2d 530; Solorio v. Atchison, T. & S. F. R. Co., 10 Cir., 224 F.2d 544. We have also held that in making objections, reference to instructions by number does not meet the requirements of the rule. Garden City Co. v. Burden, 10 Cir., 186 F.2d 651. See also Lloyd v.

---

3. In holding that the only question before it was that of a failure to give an instruction, the Supreme Court, in the Berra case, 351 U.S. 131, 132–133, 76 S.Ct. 685, 687, said: "No motions addressed to the validity of the indictment, judgment of conviction, or sentence under § 145(b) were made before, during, or after trial, * * *." The defendant did, however, offer an instruction which referred to the right to convict under either § 145(b) or § 3616(a). In the case here, liability under § 3616(a) was not called to the attention of the trial court in any manner.

4. The effect of the Berra decision on prosecutions under § 145(b) was recently considered by the 2nd Circuit in two cases. Felony sentences for filing false returns with intent to evade taxes were sustained. United States v. Moran, 236 F.2d 361; United States v. H. J. K. Theatre Corp., 236 F.2d 502.

5. We do not mean by this that the jury must be in the jury box when the objections are made, but they must be made before it retires to consider its verdict.

**322**

Thomas, 7 Cir., 195 F.2d 486; Marshall v. Nugent, 1 Cir., 222 F.2d 604; Hansen v. St. Joseph Fuel Oil & Mfg. Co., 8 Cir., 181 F.2d 880, certiorari denied 340 U.S. 865, 71 S.Ct. 89, 95 L.Ed. 633. Because of the nature of this case, we have given careful consideration to the instructions as a whole, including those relating to intent and reasonable doubt, and we are satisfied that they adequately and fairly stated the law as it related to the facts of these cases, and none of them is clearly erroneous, and the jury was not misled in any respect.

▮ Finally, the defendants assert that the conduct of the trial judge during the trial of the case, by his comments, manner, and demeanor, prejudiced the rights of the defendants and prevented them from having a fair trial. We find no merit in this contention. While the Court did at times question the witnesses and counsel for both parties, we find no indication of prejudice toward either side. The most that can be said is that the Court was interested in having some rather difficult and involved matters explained in such a manner that they would be clear to the Court and the jury. It is said that this bias and prejudice is manifested by the Court's action in giving greater sentences and fines upon the second conviction than on the first. The Court gave as the reason for these different penalties his belief that the conduct of the defendants was more aggravated than he thought after the first trial. The fixing of penalties for crimes is a Congressional function, and what constitutes adequate punishment is ordinarily left to the discretion of the trial judge. If the sentence is within the statutory limit, appellate courts will not interfere unless clearly cruel and unusual. Rose v. United States, 10 Cir., 128 F.2d 622, certiorari denied 317 U.S. 651, 63 S.Ct. 47, 87 L.Ed. 524; Edwards v. United States, 10 Cir., 206 F.2d 855. The sentences imposed were not cruel and unusual.

Affirmed.