**Cole D. PITTMAN, M. D., Appellant,**

**v.**

**C. F. HARVEY and Benjamin Albert Bates, Appellees.**

**No. 5837.**

United States Court of Appeals Tenth Circuit.

Oct. 28, 1958.

Robert H. Neptune, Bartlesville, Okl. (W. F. Kyle, Tulsa, Okl., on the brief), for appellant.

Joseph M. Best, Tulsa, Okl. (Rucker, Tabor & Cox, Tulsa, Okl., Aubrey Neale, Coffeyville, Kan., and Joseph A. Sharp, Tulsa, Okl., on the brief), for appellees.

Before BRATTON, Chief Judge, and PHILLIPS and LEWIS, Circuit Judges.

## PER CURIAM.

Cole D. Pittman filed this action against C. F. Harvey and Benjamin Albert Bates to recover damages for personal injuries sustained as the result of a collision of an automobile and a tractor-trailer truck on a highway in Oklahoma. Arthur Hawk and his daughter owned the automobile. Hawk was driving it and plaintiff was riding in the rear seat. They were on their way to look at some grain with a view of determining whether to buy it. The defendant Harvey owned the truck and the defendant Bates was driving it. The two vehicles were going in the same direction, the automobile in front and the truck behind. Hawk attempted to turn the automobile to the left off the highway. The truck struck the automobile from the rear and plaintiff was injured. The instructions given to the jury covered the question of primary negligence; the question of contributory negligence; the question of concurring negligence; the question whether Hawk was the agent of plaintiff in the operation of the automobile; the question whether plaintiff and Hawk were engaged in a joint enterprise or were on a joint mission; and the question of unavoidable accident. A verdict was returned for the defendants; judgment was entered upon the verdict; and plaintiff appealed.

The contentions urged for reversal of the judgment relate to the instructions. They are that the court erred in submitting to the jury the issue of concurring negligence; erred in submitting the issue of joint enterprise or joint mission; and erred in submitting the issue of agency in connection with the operation and control of the automobile, all for the reason that there was a complete lack of evidence presenting such issues. Federal Rule of Civil Procedure 51, 28 U.S.C.A., provides in presently pertinent part that no party may assign as error the giving of an instruction unless he objects thereto, stating distinctly the matter to which he objects and the grounds of his objection. Here, plaintiff took only "a general exception to the Court's instructions where the Court refers to joint journey, joint mission, or agency". The exception failed completely to comply with the plain requirement of the rule that the grounds of objection shall be stated. And failing in that essential respect, no question concerning the instructions was preserved for review on appeal. Allen v. Nelson Dodd Produce Co., 10 Cir., 207 F.2d 296; Solorio v. Atchison, Topeka and Santa Fe Railway Co., 10 Cir., 224 F.2d 544; Hayes v. United States, 10 Cir., 238 F.2d 318, certiorari denied 353 U.S. 983, 77 S.Ct. 1280, 1 L.Ed.2d 1142; Western Machinery Co. v. Consolidated Uranium Mines, 10 Cir., 247 F.2d 685.

The judgment is

Affirmed.