**COMMUNITY NATIONAL LIFE INSUR-
ANCE COMPANY, an Insurance
Corporation, Appellant,**

v.

**PARKER SQUARE SAVINGS AND
LOAN ASSOCIATION, a Cor-
poration, Appellee.**

**No. 9961.**

United States Court of Appeals
Tenth Circuit.

Jan. 29, 1969.

14.   156 U.S. 432, 15 S.Ct. 394, 39 L.Ed. 481 (1895).

**604**

H. G. Bill Dickey, Tulsa, Okl., for appellant.

Philip L. Savage and John A. Johnson, Oklahoma City, Okl., for appellee.

Before LEWIS and HICKEY, Circuit Judges, and THEIS, Judge.

HICKEY, Circuit Judge.

The beneficiary in a life insurance policy sued the insurer to recover death benefits under the policy. The insurer defended on the grounds that the policy had lapsed for nonpayment of premiums. The first trial was tried to a jury and resulted in a verdict for the insurer. Thereafter the trial court, upon a timely motion, set aside the verdict and granted a new trial. An appeal was perfected to this court which was dismissed on the grounds that an order granting a new trial was not an appealable order. The retrial produced a verdict for the beneficiary, and this appeal followed.

Several questions are presented, by appellant. Appellant charges that it was error for the court to grant a new trial; that it was prejudiced in the lower court because of the court's denial of its request for a continuance, and because the new trial proceeded without a pretrial hearing or order. Appellant also objects to certain instructions given to the jury.

On January 31, 1964, defendant-appellant, Community National Life Insurance Co., an Oklahoma corporation, issued an insurance policy on the life of Robert Maclin in the sum of $50,000. The beneficiary of the policy was plaintiff-appellee Parker Square Savings and Loan Association.

In December of 1964, Maclin and Williams, an associate, acquired a loan from Parker Square State Bank. As collateral the bank required insurance on the life of each debtor. Therefore both Williams and Maclin made application to Community for life insurance. Payment of the initial premium on both applications was tendered from money loaned by the bank to Williams and Maclin by a check on their escrow account. The check was in the amount of $4,112 or the full amount of both premiums. Kolb, the person who handled the applications, then delivered a receipt for $2,714 to Williams and one to Maclin for the remainder, or $1,398. The second policy Maclin applied for was either never issued, or if it was issued, was cancelled by the appellant as of the date of issue.

On January 31, 1965, the renewal premium of $343.50 became due on Maclin's first policy. The policy provided a grace period of thirty-one days for the payment of premiums. Maclin paid that amount by check within the grace period, but the check was returned to Community marked "insufficient funds." Community informed Parker Square that it would be necessary for Community to receive a cashier's check in the proper amount within three days from March 31, 1965, or the policy would lapse. The check was not forthcoming. The bank, learning of the refusal on the second application for insurance by Maclin, requested that the first policy be assigned to it. On March 29, 1965, Johnson, president of Parker Square State Bank, sent the president of Community a policy assignment form. Thereafter a copy of the assignment was attached to the policy by appellant indicating the bank was now beneficiary. Maclin died May 16, 1965, and following his death the bank assigned its rights to the proceeds of the policy to Parker Square.

No issue is raised regarding the application of Texas law as controlling the substantive question involved. Neither is the rule challenged that unencumbered funds, not dividends of other policies, belonging to the insured in the possession of insurer must be returned to the insured or applied against premiums due for insured's benefit to prevent a forfeiture.

The first challenge raised by Community is that the trial court committed

error in granting a new trial. Community asserts that the court gave no reason for sustaining the motion other than the judge's statement, "I don't know why [to sustain the motion for new trial] except that I was just not satisfied", in support of the challenge.

The record, however, shows that Parker Square's motion for a new trial was based upon eight specific grounds. The order, contained in the record, granting the new trial recites that the order was based upon the grounds stated in Parker Square's motion. Among the grounds alleged in the motion was that the verdict was against the weight of the evidence and also that the verdict was contrary to the law and the facts.

■ This court has indicated that it will look beyond the remarks of the trial judge to the record in determining the reasons for granting a new trial.[1] In any event this court has frequently held that, "A motion for a new trial on the ground that the verdict of the jury is against the weight of the evidence is normally one of fact and not of law and is addressed to the discretion of the trial court and the decision of the trial court on such a motion will not be reviewed in the absence of a showing of abuse of discretion." [2]

■ Appellant also charges that the court's remarks, quoted above, constitute an abuse of discretion. This court has had occasion to consider remarks made by the trial court when a new trial was granted. "[T]he granting of a new trial involves an element of discretion which goes further than the mere sufficiency of the evidence. It embraces all the reasons which inhere in the integrity of

the jury system itself." [3] The trial judge is best equipped to apply the standard enunciated.

The trial court set May 31, 1967, the date for retrial. Upon application by Community, the case was continued. On September 15, 1967, the court ordered October 23, 1967, as the date for retrial. Community applied for a second continuance on October 18, 1967. This application was denied and the trial proceeded on October 23, 1967, over the objections of substituted counsel. Community now contends that the trial court abused its discretion in denying another continuance.

■ Granting of continuances is within the sound discretion of the trial court,[4] and unless the discretion is abused, there is no ground for reversal.[5]

■ The reason for the requested continuance, given by Community, was that the counsel who tried the case in the first instance was necessarily absent on business in another state. This court, however, has affirmed the denial of continuance on the grounds that professional engagements elsewhere prevented attorneys from being prepared.[6]

Community next argues that it was error for the trial court to proceed with the new trial without a second pretrial. The record shows that the issues were pretried before the first trial and that the complaint was amended to conform to the evidence before the second trial.

Fed.R.Civ.P. 16 provides: "In any action, the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider [such matters as may aid in the disposition of the action]."

1. Pool v. Leone, 374 F.2d 961, 964 (10th Cir. 1967), cert. denied, 389 U.S. 943, 88 S.Ct. 309, 19 L.Ed.2d 300 (1967); accord, Segars v. Atlantic Coast Line R.R. Co., 286 F.2d 767, 770 (4th Cir. 1961).

2. Champion Home Bldrs. v. Shumate, 388 F.2d 806, 808 (10th Cir. 1967).

3. Tidewater Oil Co. v. Waller, 302 F.2d 638, 643 (10th Cir. 1962).

4. Ziegler v. Akin, 261 F.2d 88, 90 (10th Cir. 1958).

5. Baltimore Am. Ins. Co. of New York v. Pecos Mercantile Co., 122 F.2d 143, 145 (10th Cir. 1941).

6. Id. See also King v. United Benefit Fire Ins. Co., 377 F.2d 728, 730 (10th Cir.), cert. denied, 389 U.S. 857, 88 S.Ct. 99, 19 L.Ed.2d 124 (1967).

"Pretrial procedure is a common sense method of shifting the issues and reducing the delays and expense of trials so that a suit will go to trial only on questions as to which there is an honest dispute of fact or law." [7]

■ The record does not reflect that counsel called "an honest dispute of fact or law" to the attention of the trial court which had not been pretried at the original pretrial. Therefore, the very office of pretrial would be abused if its use is permitted to effect continued delay. Further, Community made no objection at the trial that the matters were not pretried a second time, therefore an objection cannot be raised for the first time on appeal.[8]

■■ Finally, objection is made that the court erred in not submitting the question of agency to the jury and in giving other instructions to the jury. Counsel for Community approached the bench after the instructions had been given and objected to the giving of "Instruction No. 8." The record discloses, however, that the instructions are unnumbered. Fed.R.Civ.P. 51 provides: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto * * * stating distinctly the matter to which he objects and the grounds of his objection." Each party offered an instruction on agency and the record reflects that each was refused. The record does not reflect a specific identification of the grounds upon which Community relied in requesting an agency instruction. Objection "to Instruction No. 8" was not sufficient because it was not distinct in explaining the grounds for objection as required by Rule 51.[9] The general objections made to other instructions are vague and indefinite, and also lack the specificity required by the rule. Therefore, "The exception[s] failed completely to comply with the plain requirement of the rule that the grounds of objection shall be stated." [10]

Affirmed.

---

7. Pretrial Procedure, A Statement of its Essentials, Hon. Alfred P. Murrah, 14 F.R.D. 417 (1954).

8. Whitlock & Ass., Inc. v. Aaron, 383 F. 2d 72, 75 (10th Cir. 1967).

9. See Franklin v. Shelton, 250 F.2d 92, 98 (10th Cir. 1957), cert. denied, 355 U.

S. 959, 78 S.Ct. 544, 2 L.Ed.2d 533 (1958); Pittman v. Harvey, 261 F.2d 44, 45 (10th Cir. 1958).

10. Pittman v. Harvey, 261 F.2d 44, 45 (10th Cir. 1958).