Sibyl **HERRINGTON**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 10179.

United States Court of Appeals Tenth Circuit.

Sept. 30, 1969.

Rehearing Denied Oct. 31, 1969.

**1030**

Kent F. Frates, Oklahoma City, Okl. (Orval L. Veirs, Oklahoma City, Okl., on the brief), for appellant.

Michael B. Arkin, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., and Lee A. Jackson, William A. Friedlander, Attys., Department of Justice, B. Andrew Potter, U. S. Atty., and Michael C. Stewart, Asst. U. S. Atty., on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and HOLLOWAY, Circuit Judges.

HOLLOWAY, Circuit Judge.

Appellant Sibyl Herrington brought suit in the district court to recover $62,114.93 seized in 1963 by the Internal Revenue Service in partial satisfaction of a tax liability asserted against her and her deceased husband on joint returns for 1950, 1951, 1952 and 1953.[1] A jury verdict on interrogatories went against appellant on the only issue tried—whether appellant signed or consented to signing of the returns for her. This appeal is taken from the judgment on the verdict against appellant.[2]

Appellant does not challenge the sufficiency of the proof to support the verdict. However, for reversal and a new trial she contends: (1) that the trial court erred in confining trial to the issue whether appellant signed the returns or authorized their signing for her, thereby holding that her required claims for refund failed to raise the additional

1. Before trial Mrs. Herrington withdrew the claim for 1953, reducing the amount requested to $60,526.64.

2. Due to the determination that appellant was a party to the joint returns she is liable for the tax, interest and penalties. O'Dell v. United States, 326 F.2d 451 (10th Cir. 1964).

grounds that there was no fraud or understatement of income; and (2) that the district court further erred in trial of the issue submitted to the jury by excluding as irrelevant all proof of the method of seizure of her funds. We conclude that neither proposition warrants reversal, and affirm.

On November 8, 1965, appellant filed a claim for refund (Form 843) for each of the years in question requesting return of the full amount of the levy.[3] As required by the form she stated the reasons for believing that the claims should be allowed in the same terms for each year as follows: "Taxpayer denies having signed the alleged joint return for the year 1950, or, if she did sign such return, it was signed by her under duress by her husband, Dr. V. D. Herrington." Later the assertion of duress was withdrawn for all years. At the top of each claim appellant checked a box indicating

that the claim was for "Refund of taxes illegally, erroneously, or excessively collected." This part of the form is designated to be used by the District Director.

First appellant argues that the trial court erred in refusing to permit her to raise the issues of understatement of income or fraud in the returns. On motion by the Service the trial judge limited the issue for trial to whether the returns were signed by appellant or for her with her consent. The ruling sustained the position of the Government that the additional issues raised by appellant could not be asserted since they were not included in the grounds for refund stated in the claims whose contents appear above. We agree with the trial court.

§ 7422 of the Internal Revenue Code of 1954 provides in part as follows:

"No suit or proceeding shall be maintained in any court for the re-

---

3. Except for the designation of the year, and the different amounts, filing stamps and the like, all of the claims are in all material respects similar to the claim for 1950. The essential portions of the 1950 claim read as follows:

---

| FORM 843 (Rev. Mar. 1960) | U.S. TREASURY DEPARTMENT · INTERNAL REVENUE SERVIC" **CLAIM** TO BE FILED WITH THE DISTRICT DIRECTOR WHERE ASSESSMENT WAS MADE OR TAX PAID | District Director's Stamp (Date received) |
|---|---|---|

*The District Director will indicate in the block below the kind of claim filed, and fill in, where required.*

☒ Refund of Taxes Illegally, Erroneously, or Excessively Collected.

☐ Refund of Amount Paid for Stamps Unused, or Used in Error or Excess.

☐ Abatement of Tax Assessed (not applicable to estate, gift, or income taxes).

**PLEASE TYPE OR PRINT PLAINLY**

**RECEIVED**

**73** NOV 8 1965

DIRECTOR INT REV.
OKLAHOMA CITY
TELLER – #1

* * * * * *

| 5. Period—if for tax reported on annual basis, prepare separate form for each taxable year | | 6. Kind of tax |
|---|---|---|
| From January 1 19 50, To December 31 19 50 | | Income tax penalty and interest |
| 7. Amount of assessment $ 126.42 | Dates of payment November 22, 1963 | |
| 8. Date stamps were purchased from Government | 9. Amount to be refunded $ 126.42 | 10. Amount to be abated (not applicable to income, estate, or gift taxes) $ |

11. The claimant believes that this claim should be allowed for the following reasons:

Taxpayer denies having signed the alleged joint return for the year 1950, or, if she did sign such return, it was signed by her under duress by her husband, Dr. V. D. Herrington.

I declare under the penalties of perjury that this claim (including any accompanying schedules and statements) has been examined by me and to the best of my knowledge and belief is true and correct.

Signed X Sibyl D. Herrington

Dated X Oct · 25 , 19 65

covery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected * * * until a claim for refund or credit has has been duly filed with the Secretary or his delegate, * * *."

■■ Implicit in the statute is the requirement that the grounds relied on in a suit for refund must be reasonably encompassed by those set out in the claim for refund.[4] Moreover, the requirement for statement of the grounds of a claim for refund was made explicit in regulations which are within the compass of the Commissioner's authority delegated by the statute.[5] The manifest purpose of the requirement is to afford the Service an opportunity to consider and dispose of the claim without the expense and time which would be consumed if every claim had to be litigated.[6] Thus, if the claim fairly apprises the Service of the ground on which recovery is sought or if the Service actually considers the ground later sought to be raised the claim will be held adequate for the purposes of bringing suit under § 7422. Angelus Milling Co. v. Commissioner, supra.

■ However, the burden is on the claimant to bring his asserted grounds of recovery to the attention of the Service and neither the Commissioner nor his agents can be expected to ferret out possible grounds for relief which a taxpayer might assert. Union Pacific R. R. v. United States, 389 F.2d 437, 445 (Ct.Cl.

1968). While the sufficiency of the claim may be waived by the Service,[7] the showing should be unmistakable that the Commissioner has dispensed with his formal requirements and examined the merits of the claim asserted; his attention should have been focused on the merits of the particular dispute. Angelus Milling Co. v. Commissioner, supra 325 U.S., at 297, 65 S.Ct. 1162.

■ In the light of these principles we conclude that appellant's claims were insufficient to permit raising of the additional issues of understatement and fraud in this refund suit. The Service undertook to provide form 843 for making claims and if it was followed no one could complain. We credit the taxpayer with bringing home to the Government the general statement that her funds were illegally, erroneously or excessively collected. However, she then had the opportunity and duty to state the "reasons" for which she believed the claim should be allowed. And in so doing she plainly stated her only "reasons"—that she had not signed the return or that it was signed by her under duress.

The complaint in court followed the pattern of the claims, which were attached as exhibits. It alleged that the amounts were erroneously, illegally and incorrectly collected from plaintiff. Then it was specifically averred that plaintiff did not sign or authorize signing of the returns, or that they were

---

4. United States v. Felt & Tarrant Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025 (1931); United States v. Andrews, 302 U.S. 517, 58 S.Ct. 315, 82 L.Ed. 398 (1938); Real Estate—Land Title & Trust Co. v. United States, 309 U.S. 13, 60 S.Ct. 371, 84 L.Ed. 542 (1940); Angelus Milling Co. v. Commissioner, 325 U.S. 293, 65 S.Ct. 1162, 89 L.Ed. 1619 (1945).

5. Treasury Regulations, Procedure and Administration, § 301.642–2 requires that the " * * * claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." The regulation was within the power granted by § 7422 to the Commissioner to promulgate appropriate regulations. And such regulations were

applied in Nemours Corp. v. United States, 188 F.2d 745 (3d Cir. 1951), cert. denied, 342 U.S. 834, 72 S.Ct. 50, 96 L.Ed. 631 (1951).

6. United States v. Ideal Basic Industries, Inc., 404 F.2d 122 (10th Cir. 1968), cert. denied, 395 U.S. 936, 89 S.Ct. 1997, 23 L.Ed.2d 451 (1969); Carmack v. Scofield, 201 F.2d 360 (5th Cir. 1953); Thompson v. United States, 332 F.2d 657 (5th Cir. 1964); United States v. Hancock Bank, 400 F.2d 975 (5th Cir. 1968); and 10 Mertens, Law of Federal Income Taxation, § 58A.05, p. 23.

7. Tucker v. Alexander, 275 U.S. 228, 48 S.Ct. 45, 72 L.Ed. 253 (1927); Howbert v. Penrose, 38 F.2d 577, 68 A.L.R. 820 (10th Cir. 1930).

signed under duress. While mentioning the omission of some issues the pretrial order shows no injection of the issues appellant later sought to assert.

The first appearance in the record of the additional issues of understatement of income and fraud was in requested instructions submitted in July, 1967. The Government moved to restrict the issues in September, 1967, objecting that the additional issues had not been raised in the claims for refund as required. The trial court concluded that while the Government might have been aware that fraud could have been an element of the refund claim, there was nothing before the Court indicating its knowledge in that respect as to appellant's claim. We agree. As spelled out the claims pointed to particular items the Commissioner should consider but called for no general audit and the newly raised issues could not be asserted by the untimely raising of them by appellant. United States v. Andrews, supra 302 U.S., at 525, 58 S.Ct. 315.

■ Relying on waiver appellant asserts that by the answer the Government admitted deciding the claim on its merits. She refers the Court to specific portions of the complaint[8] and answer[9] set out in the margin. A careful examination of such portions of the pleadings and of the complaint and answer as a whole reveals no admission by the Government that it considered whether the returns understated income and were fraudulent. Under the test in Angelus, supra, we can find no waiver on the facts in this case.

■ However, appellant asserts that irrespective of the sufficiency of her claims she should be permitted to litigate the issues of understatement of income and fraud.[10] She relies principally on Stuart v. Chinese Chamber of Commerce, 168 F.2d 709 (9th Cir. 1948) and Kirkendall v. United States, 90 Ct.Cl. 606, 31 F.Supp. 766 (1940).[11] On such authority she argues that she was an innocent third party whose assets were improperly seized by the Government in satisfaction of her husband's tax liability. She says that since she was not a taxpayer the claim for refund procedure does not apply.

There are remedies not predicated on claims for refund where some tax collection procedures may be challenged. Property unlawfully seized to apply on the liability of another taxpayer may be recovered on implied contract principles under the Tucker Act, 24 Stat. 505, 28 U.S.C. § 1346(a) (2), without following the claim for refund procedure. See Kirkendall v. United States, supra.[12] Or

---

8. "3.
   Plaintiff further states that valid claims for refund were filed with the District Director of Internal Revenue for the sum and the years as alleged above. That such claims were filed on November 8, 1965. That the claims were rejected totally and wholly on December 30, 1966. Copies of said claims and the letter rejecting them are attached hereto and made a part hereof as though set out herein in full and are marked respectively Exhibits 'A,' 'B,' 'C,' 'D' and 'E.' Plaintiff, therefore, has complied with all conditions precedent to this action."

9. "3. Admits the allegations contained in paragraph 3, except denies each and every allegation set forth in said claims for refund not expressly admitted herein."

10. If appellant's position is sustained and the additional fraud issue is litigated, the burden of proof on it would rest on the Government. See United States v. Thompson, 279 F.2d 165 (10th Cir. 1960). This circumstance illustrates the need for reasonable notice by a claimant of the grounds for recovery to be asserted.

11. See also Long v. Rasmussen, 281 F. 236 (D.Mont.1922); Szerlip v. Marcelle, 136 F.Supp. 862 (E.D.N.Y.1955); and J. C. Pitman & Sons, Inc. v. United States, 161 Ct.Cl. 701, 317 F.2d 366 (1963). And cf. Schweiner v. Manning, 88 F.Supp. 964 (D.N.J.1949).

12. We do not reach the problem of the jurisdictional maximum of $10,000 on suits in the district courts imposed by 28 U. S.C. § 1346(a)(2) in view of our conclusion that the statute is not available here to litigate appellant's issues challenging the validity of the tax assessments.

suit may be maintained in some circumstances against a Government agent individually. See Stuart v. Chinese Chamber of Commerce, supra. However, the cases illustrate that such suits do not afford a means of litigating the validity of tax assessments as appellant sought to do at trial. For in any event § 7422 bars a suit asserting that the taxes were "erroneously or illegally assessed or collected" until the claim for refund procedure is followed. The special remedies pointed to by appellant may not be used to circumvent § 7422.

■ Appellant says that to deny her the right to litigate these issues is to deprive her of her property without her day in court, i. e., without due process. She points to Moore v. United States, 360 F.2d 353 (4th Cir. 1965), cert. denied, 385 U.S. 1001, 87 S.Ct. 704, 17 L.Ed.2d 541 (1967), for the proposition that her husband's nolo contendere plea to the related tax evasion charge does not estop her denial of fraud or understatement on the joint return. We agree with Judge Sobeloff " * * * that the wife, who was not a party to the criminal proceeding, should not be estopped by the finding of fraud against her husband * * *." Moore v. United States, supra 360 F.2d, at 357. It is sufficient for our purposes, however, that an administrative assessment of additional taxes and penalties does no violence to Fifth Amendment due process in view of the procedural facilities for review in the Tax Court or for a refund suit in the District Court after filing the required refund claim. Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931). Procedural relief on the additional issues was available although not utilized. Due process was not denied.

■ Lastly appellant contends that the trial court erroneously barred all evidence relating to the method the Government used in collecting the taxes here in question. She thought this proof relevant to her " * * * conduct in this case which has a bearing on whether or not she signed these returns and has a bearing on her whole state of mind in connection with these taxes and with her desire not to avoid taxes." [13] The trial court concluded that the evidence of her state of mind in 1963 when the taxes were collected was too remote from the last year in question (1953) to be of any probative value and that " * * * the fact that the Government collected this money by a levy on the plaintiff's bank account is wholly immaterial to the issues of this case * * *," i. e., whether she signed the returns or authorized their being signed for her.

We agree with the trial court that such evidence was too remote in time and immaterial on the issue before the jury. Positive evidence of good faith is often admissible in criminal tax evasion cases to negate the necessary element of intent. See Hayes v. United States, 227 F.2d 540 (10th Cir. 1955), appeal after remand, 238 F.2d 318 (10th Cir. 1956), cert. denied, 353 U.S. 98ɔ, 77 S.Ct. 1280, 1 L.Ed.2d 1142 (1957), and Turner v. United States, 222 F.2d 926, 933 (4th Cir. 1955), cert. denied, 350 U.S. 831, 76 S.Ct. 65, 100 L.Ed. 742 (1955). But such intent was not before the jury as an issue. We agree with the trial court that such evidence did not tend to prove whether she signed the returns or authorized their being signed for her years earlier. Moreover, the legal theories about the nature of the case or method of the levy were not matters to be considered by the jury on the narrow fact issue involved.

We conclude that the issue raised by appellant's claims for refund was properly tried and that no basis for a reversal is shown.

Affirmed.

---

13. It is argued to us that such proof was proper to show that appellant had no knowledge that the taxes were due and no knowledge that she needed to file returns; that the proof was necessary to show that the suit was for refund of taxes already collected; and that the proof was needed to show her position as a non-taxpayer.