SINGFIELD, APPELLANT, *v*. THOMAS, APPELLEE, ET AL.

(No. 6722—Decided November 3, 1971.)

Mr. *George F. Simmons* and Mr. *Harold G. Binns*, for appellant.
Mr. *Edward H. Corbett*, for appellee.

VICTOR, J.  In this appeal on questions of law, plaintiff, William Lester Singfield, appellant herein, seeks the reversal of a judgment entered in the Court of Common Pleas of Summit County, upon the verdict of a jury, in favor of defendant, Lindsey M. Thomas (an appellee herein).

Plaintiff declares that the trial court erred in its general charge to the jury in that:

"a. Continued repetition of a charge on contributory negligence * * * [placed] undue emphasis on that issue.

"b. Inconsistent, contradictory and conflicting instructions were given with reference to defendant's negligence and plaintiff's burden of proof on this subject."

The action arose from a two-car accident at the intersection of Brown Street and Clinton Avenue in the city of Akron, Ohio (both cars proceeding in the same direction).

The evidence was conclusive that the defendant Lindsey M. Thomas was negligent, as a matter of law, in that

he attempted to overtake the plaintiff's vehicle while driving left of the center of the roadway when approaching within 100 feet of or traversing that intersection. (R. C. 4511.30 (C).) There was credible evidence supporting the plaintiff's other specifications of negligence, proximate cause and damage. There was also credible evidence sustaining the defense of contributory negligence.

In a long and involved charge comprising twenty-five pages of the record, the trial court, in the process of defining the issues, mentioned the defense of contributory negligence at least eight times, and specifically used the term twenty times. In our judgment, the issue was overemphasized. Appellee concedes that the charge was not a model of clarity or conciseness, and that it tended to confuse the issues.

At the conclusion of the charge, and before the jury retired to consider the case, the court, out of the hearing of the jury, granted counsel the opportunity to object to the charge as given. Counsel for the plaintiff stated:

"* * * I will, as plaintiff's counsel, make my exception to the charge."

Before returning to the courtroom and the presence of the jury, counsel for defendant, Lindsey M. Thomas, said:

"I'd like to have the record show a general exception."

Counsel for plaintiff said:

"Make a general exception for me, too."

We shall consider both assignments of error together.

Rule 51(A), Ohio Rules of Civil Procedude (a verbatim copy of Rule 51, Federal Rules of Civil Procedure), provides, *inter alia*:

"No party may assign as error the giving or the failure to give any instruction unless he objects thereto before the jury retires to consider its verdict, *stating distinctly the matter to which he objects and the grounds of his objection.* Opportunity shall be given to make the objections out of the hearing of the jury." (Emphasis supplied.)

The purpose of "this requirement is for the protection of the judge as well as the parties. His attention must be

called to any omissions or mistakes in his charge in order that he may have an opportunity to correct them before the jury finally retires. If these errors are not made clear by specific objections, they cannot later furnish grounds for attacking the verdict." 2B Barron & Holtzoff (Wright), Federal Practice and Procedure, 440, Section 1101.

A general exception to instructions, without stating any ground therefor, fails to comply with the plain command of the rule that the grounds of objection must be stated "distinctly," and presents nothing for review. 2B Barron & Holtzoff (Wright), Federal Practice and Procedure, 458, Section 1104; *Solorio* v. *Atchison, Topeka and Sante Fe Ry. Co.* (1955), 224 F. 2d 544; *Pittman* v. *Harvey* (1958), 261 F. 2d 44; *Lowe* v. *Taylor Steel Products Co.* (1967), 373 F. 2d 65, cert. denied, 389 U. S. 858; *Nesbit* v. *Everette* (1957), 243 F. 2d 59 (overemphasis on issue of contributory negligence—it having been repeated 25 times).

Consequently, the entering of a general objection only to the charge of the court precludes our consideration of the alleged errors.

We recognize the rule that some federal appellate courts have exercised the power to consider "plain error" in instructions, even though not objected to. 2B Barron & Holtzoff (Wright), Federal Practice and Procedure, 473, Section 1106. In our judgment, however, such a case involving the "plain error" rule has not been presented for our consideration.

*Judgment affirmed.*

BRENNEMAN, P. J., and HUNSICKER, J. (Retired. Assigned to active duty under authority of Section 6(c), Article IV, Constitution.), concur.