**VIDEO COMPONENTS, INC.,**
Plaintiff-Appellant,

v.

**LAIRD TELEMEDIA, INC.,**
Defendant-Appellee.

No. 76–1999.

United States Court of Appeals,
Tenth Circuit.

Argued Jan. 27, 1978.

Decided April 28, 1978.

Kent M. Kasting, Salt Lake City, Utah (Adams, Kasting & Anderson and Alvin I. Smith of Arnovitz, Smith & Nielson, Salt Lake City, Utah, on brief), for plaintiff-appellant.

Lynn G. Foster, Salt Lake City, Utah (Rulon R. Price, Salt Lake City, Utah, on brief), for defendant-appellee.

Before McWILLIAMS, BARRETT, and McKAY, Circuit Judges.

McWILLIAMS, Circuit Judge.

This is a breach of contract action with jurisdiction being based on diversity. The plaintiff and defendant each charged the other with various and sundry misdeeds, including breach of contract. The jury found, in effect, that the plaintiff had breached the contract, and returned a "no cause of action" verdict. As concerns the defendant's counterclaim, the jury found in favor of the defendant and assessed its damages in the sum of $11,150.00. The plaintiff appeals the judgment entered, and we affirm.

Laird Telemedia, Inc., the defendant, is a Utah corporation which manufactures electrical products. Video Components, Inc., the plaintiff, is a New York corporation. On December 20, 1971, Video and Laird entered into a written agreement whereby Video became the sole and exclusive sales agent in all states east of the Mississippi for products manufactured by Laird. Under this agreement, orders were to be taken by Video in the name of Laird and payments for filled orders would be paid directly from the purchaser to Laird. Laird, in turn, agreed to pay Video a commission on all Laird products sold by Video for which Laird ultimately received payment from the customer.

The agreement between the parties remained in force until October 1, 1974, at which time Laird terminated the agreement. Under the agreement, Video had certain rights to commissions on sales which were pending at the time of termination. Being unable to get a satisfactory accounting from Laird, Video brought the present action against Laird for commissions which it believed were due and owing.

Laird filed a counterclaim against Video. The counterclaim was based on Laird's claim, that, contrary to the agreement between the parties, Video had taken an order from Panosonic in its own name, rather than in Laird's name, and had failed to remit the order to Laird to the end that Laird was prevented from filling the Panosonic order, with a resulting loss of profits.

The case was initially pretrialed by Judge Aldon J. Anderson. A written pretrial conference order was entered, which, among other things, provided for a "final" pretrial conference shortly prior to the date set for commencement of the trial. The matter came on for further pretrial conference before a visiting judge, the Honorable William G. Juergens. The conference was singularly unproductive as counsel could agree on little. Defense counsel did present a proposed pretrial order, which opposing counsel believed to be "loaded," and in any event refused to sign. The trial judge did not make any additional pretrial order, and the matter proceeded to trial, without objection from either party. On appeal, however, Video asserts that the failure of the trial court to enter a pretrial order is in violation of Federal Rules of Civil Procedure, Rule 16, and that such omission requires a reversal of the adverse judgment which Video ultimately suffered. We do not agree.

Video's contention that it is entitled to a new trial because the trial judge did not enter a second pretrial order is frivolous. We recognize that Rule 16 provides that the court "shall make an order which recites . . . ." However, that does not in our view mean that in every instance where a trial court holds a pretrial conference, an order must be entered, or the ensuing trial becomes a nullity. Occasionally, as here, counsel may be in total disagreement, and to hold that in such circumstance the trial court itself must forge a pretrial order would place an unwarranted burden on the court. Our reading of the transcript of the

so-called second pretrial conference in the instant case indicates that the parties were in total disagreement and of little aid to the court. In such circumstance the attitude on the part of the trial judge to forget about any further pretrial conference and get on with the trial is most understandable.

1 A Barron & Holtzoff (Wright, ed.), Federal Practice and Procedure, p. 841, recognizes that the pretrial procedure rule is not compulsory and that it is "optional" with a trial court whether to even utilize the rule, "and, if so, to what extent." In *Community National Life Insurance Company v. Parker Square Savings & Loan Association,* 406 F.2d 603 (10th Cir. 1969), the argument was made on appeal that the case had not been pretrialed a second time preceding the second trial of the case. In rejecting that argument this Court noted that no objection had been made prior to the second trial of the matter, that the case had not been pretrialed for a second time, and that such objection could not be raised for the first time on appeal. So, in the instant case, we fail to find any objection by Video to proceeding to trial without a second pretrial order. In this regard we note that counsel appearing for Video upon oral argument in this Court did not represent Video in the trial of the case. See also *Hayden v. Chalfant Press, Inc.,* 281 F.2d 543 (9th Cir. 1960), where the Ninth Circuit held that on appeal an appellant could not complain that no pretrial conference was held where none had been requested. Video's belief that it is entitled to a reversal because the trial court failed to enter a second pretrial order is ill-founded.

■ At trial Laird offered evidence concerning the Panosonic transaction, which was the basis for its counterclaim. Video asserts that such was outside the issues in the case. We disagree. It was Laird's theory of the case that Video had dealt with Panosonic in a manner which was contrary to the agreement between Laird and Video, and that as a result of this breach Laird was damaged. We find no objection at trial to this line of testimony and believe that it was one of the issues in the case.

On appeal Video asserts that it was entitled to an accounting from Laird. The trial court was of the view that it was better procedure for the jury to first determine whether there had been a breach of contract on the part of Laird, and, if it were determined that there was such a breach, then an accounting could follow. We fail to find that Video made any real objection to this procedure until after the jury's verdict. Despite the efforts of counsel to make this appear to be a very complex case, the fact of the matter is that it is a simple breach of contract action. The jury by its verdict determined that it was Video, and not Laird, which had breached the contract. We are not inclined to disturb the jury's resolution of the matter.

Judgment affirmed.