Melinda C. SHAW, Plaintiff,

v.

MAST ADVERTISING AND PUBLISHING, INC., Defendant.

Civ. A. No. 87–2554–O.

United States District Court, D. Kansas.

July 11, 1989.

Dennis E. Egan, Popham, Conway, Sweeny, Fremont and Bundschu, P.C., Kansas City, Mo., John B. Gage, II, Overland Park, Kan., for plaintiff.

Mick Lerner, Heather S. Woodson, Stinson, Mag & Fizzell, Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on defendant's motion for judgment n.o.v. or new trial on plaintiff's retaliation claim. On April 24–27 and May 2–5, 1989, the case was tried to a jury, which found that defendant retaliated against plaintiff for filing a charge of age discrimination and awarded her $62,000.00 in damages.

The standards governing a motion for judgment n.o.v. are clear:

> Motions for a directed verdict and for judgment n.o.v. are considered under the same standard. The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party. We must view the evidence in the light most favorable to ... the party against whom the motions were made.

*Mackey v. Burke,* 751 F.2d 322, 324–25 (10th Cir.1984) (citations and internal quotation marks omitted).

In the case at bar, the court finds that plaintiff presented sufficient evidence to permit an inference of retaliatory motive in defendant's decision to terminate her, thus establishing a causal connection between her protected activity and the termination. Plaintiff testified extensively concerning differential treatment of her by defendant's employees after she filed her discrimination charge. Plaintiff stated that she had had difficulty receiving company correspondence, including information regarding the logo change for the Executone

account. Moreover, plaintiff's description of the incident involving Sherree Etzenhouser, apparently accepted by the jury, was sufficient to meet the burden of proving that defendant's proffered reasons for terminating her were pretextual. Finally, plaintiff's testimony as to Barbara Simon's statements regarding Pat Thomas' discrimination charge provided the jury with circumstantial evidence of defendant's attitude toward employees who file charges of discrimination. Although defendant's witnesses denied many of plaintiff's allegations, the jury was instructed on its duty to consider the credibility and potential interests of all witnesses. The jury was within its prerogative to believe plaintiff's version of events, and the court will not second-guess that choice. Accordingly, we hold that defendant is not entitled to judgment n.o.v..

Whether to grant defendant's alternative motion for new trial is a decision within the discretion of the court. *Community Nat'l Life Ins. Co. v. Parker Square Sav. & Loan Ass'n,* 406 F.2d 603, 605 (10th Cir. 1969). Defendant argues both that plaintiff's evidence was insufficient to support the verdict against it and that the court made two erroneous evidentiary rulings during the course of the eight-day trial. Both arguments are without merit.

With respect to the sufficiency of the evidence of a causal connection between plaintiff's protected actions and defendant's termination of her, the court concludes that there was adequate evidence to support the jury's verdict. Again, the evidence of differential treatment, pretextual justification of plaintiff's termination, and defendant's retaliatory attitude was ample to support the verdict. Likewise, the damages award was squarely between the two figures offered by the parties and supported by adequate evidence of both plaintiff's loss of salary and probable loss of bonuses. In the absence of palpable evidence of jury misconduct, the court declines to set aside the award. *Aspen Highlands Skiing Corp. v. Aspen Skiing Co.,* 738 F.2d 1509 (10th Cir.1984), *aff'd,* 472 U.S. 585, 105 S.Ct. 2847, 86 L.Ed.2d 467 (1985) (holding that jury awards of damages are normally "inviolate").

Defendant also claims that it was irreparably prejudiced by plaintiff's counsel's remark to the effect that Southwestern Bell Telephone Company acquired defendant for $120 million. In light of both the court's admonition to the jury to disregard the statement and defendant's counsel's refusal to seek a mistrial, we do not believe that defendant was so prejudiced.

Finally, the evidentiary rulings of which defendant complains were neither erroneous nor prejudicial. The evidence that Barbara Simon was paid to settle her claim against defendant was clearly admissible under Rule 408 of the Federal Rules of Evidence to show the potential bias of that witness. Similarly, not allowing defendant's counsel to ask Susan Brown if she would have known of any retaliation against plaintiff was not prejudicial, inasmuch as counsel had, immediately before, asked her if she knew of any retaliation at all, which she answered in the negative. In sum, therefore, defendant has stated no basis upon which the court could find that defendant was denied a full and fair opportunity to present its case to the jury.

IT IS THEREFORE ORDERED that defendant's motion for judgment n.o.v. or new trial is denied.