OPINION
{¶ 1} Appellant, Henry Malone, appeals from a judgment on the jury verdict of the Trumbull County Court of Common Pleas in favor of appellee, David Provitt. For the following reasons, we affirm the judgment.
 {¶ 2} On September 20, 1999, appellant along with Lori Malone ("Mrs. Malone") and Dennis Stevens ("Mr. Stevens") re-filed a civil complaint, which had previously been voluntarily dismissed, in the Trumbull County Court of Common Pleas. After receiving leave of court, these parties filed an amended complaint on March 8, 2001. As part of the amended complaint, appellant and Mr. Stevens requested compensatory damages for physical and psychological injuries they sustained due to appellee's alleged intentional or negligent discharge of a firearm. Mrs. Malone, as appellant's wife, stated a claim for loss of consortium.
 {¶ 3} Appellee filed his answer and listed self-defense as an affirmative defense. Following appellee's answer, Mr. Stevens filed a motion requesting his dismissal with prejudice. The trial court issued a judgment entry dismissing Mr. Stevens with prejudice, while appellant and Mrs. Malone's claims remained pending.
 {¶ 4} On May 13, 2002, this matter went to trial before a jury. Testimony during trial revealed that appellant and appellee were employed by WCI Steel. Prior to and during the incident in question, the union employees of WCI Steel were on strike. Various employees of WCI Steel testified that the strike was hostile and included numerous instances of violence. Many of these violent acts occurred just outside of WCI Steel's premises and were directed towards non-striking employees leaving the plant.
 {¶ 5} On September 27, 1995, appellee left WCI Steel to visit a friend in the hospital. Appellee explained that the main gate of WCI Steel was relatively quiet that day and there were no signs of violence. From the main gate, appellee turned left on to Pine Avenue. After driving a short distance, appellee stated that a number of striking employees had congregated in a parking lot near the intersection of Pine Avenue and Fulton Avenue. Appellee identified appellant as one of the employees in the parking lot. Appellee further testified that as he began to drive past the parking lot, appellant and the other employees moved toward the road and his truck and began to hurl bricks at him. Fearing injury, appellee discharged a handgun, which he had stored in his truck, into the air and drove away.
 {¶ 6} Appellant admitted that he was in the parking lot when appellee fired the handgun. However, appellant stated that he did not throw bricks at appellee and had parked his car in the parking lot to fix a flat tire. Appellant further testified that the gunfire caused him to dive for cover near an automobile, causing a shoulder and neck injury.
 {¶ 7} On May 17, 2002, the jury rendered a verdict in favor of appellee, finding that appellee did not assault appellant. The trial court then entered judgment on the verdict in favor of appellee.
 {¶ 8} From this judgment, appellant filed a timely notice of appeal and set forth the following six assignments of error for our consideration:[1]
 {¶ 9} "[1.] The trial court abused its discretion in excluding evidence of defendant's flight from a scene where he had fired a gun, and defendant's disposal of the gun.
 {¶ 10} "[2.] The trial court abused its discretion in permitting appellee Provitt to show a videotape of the violent activity that existed around an area some three-tenths of a mile away from the shooting scene and more than thirty minutes before the shooting took place.
 {¶ 11} "[3.] The trial court abused its discretion in not permitting appellant Malone to show a videotape of the shooting scene taken immediately after the shooting.
 {¶ 12} "[4.] The trial court erred in failing to give the requested instruction on willful or wanton misconduct.
 {¶ 13} "[5.] The trial court erred in failing to give the requested instruction on negligence.
 {¶ 14} "[6.] The trial court erred in not permitting appellant to show the jury a substantially similar gun as the one used by appellee."
 {¶ 15} For the sake of clarity, appellant's assignments of error will be discussed out of order. Under his first assignment of error, appellant contends that the trial court erred in precluding him from admitting evidence of a police pursuit of appellee after the discharge of the gun and appellee's disposal of the gun during the pursuit. Appellant maintains that the trial court excluded the evidence because: "(1) the case before the court was a civil action rather than a criminal prosecution and (2) the probative value of the evidence regarding flight and disposal of the gun was outweighed by its prejudicial effect." Appellant argues that the foregoing rationale fails to establish a sound reasoning process for the exclusion of the evidence and, therefore, the trial court abused its discretion.
 {¶ 16} We first note that the trial court did not advance its decision to prohibit the evidence based on this matter being a civil matter rather than a criminal matter. Appellant attempts to support this contention by citing to a portion of the transcript in which the trial court stated:
 {¶ 17} "The Court: If this were a criminal case, you could bring that in, okay, because you are talking about something different. This is a civil case about whether or not some action that was done by this person had some causation to an injury that he had. * * *"
 {¶ 18} Appellant concludes that the following excerpt establishes the trial court's failure to recognize that the rules of evidence are applied without distinction between civil and criminal proceedings. A more thorough review, however, confirms that the trial court's statement was intended to clarify that evidence of the pursuit and disposal of the gun was not relevant in this particular civil case for assault.
 {¶ 19} Ultimately, the trial court relied solely upon its determination that the probative value of the evidence was outweighed by its prejudicial effect:
 {¶ 20} "The Court: The bottom line is this, there is a finer line between what is probative and what is prejudicial, and I made that determination. In order to prove your case, after the shots are fired and after he took off at a high rate of speed, above and beyond that, that any probative effect, if any, when its balanced against the prejudicial effect, it was overly prejudicial and that is why I didn't want you to go any further."
 {¶ 21} Accordingly, we must resolve whether the trial court's exclusion of such evidence was properly based on this determination. After careful examination of the record before us, we find that the trial court did not abuse its discretion in excluding this evidence.
 {¶ 22} The determination to admit or exclude evidence is within the sound discretion of the trial court and will not be reversed by an appellate court absent a showing of an abuse of discretion. State v.Sledge, 11th Dist. No. 2001-T-0123, 2003 Ohio App. LEXIS 3644, 2003-Ohio-4100, at ¶ 20, citing Renfro v. Black (1990),52 Ohio St.3d 27, 32. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Montgomery (1991),61 Ohio St.3d 410, 413.
 {¶ 23} The trial court's decision to exclude the evidence was based upon Evid.R. 403(A). Pursuant to Evid.R. 403(A), the trial court must exclude relevant evidence if its probative value does not outweigh the danger of "unfair prejudice, of confusion of the issues, or of misleading the jury." State v. Burrows, 11th Dist. No. 2000-T-0089, 2002-Ohio-1961, 2002 Ohio App. LEXIS 1918, at 30.
 {¶ 24} In the instant case, appellant's sole claim for relief was under the tort of assault.[2] Assault is defined as "* * * the willful threat or attempt to harm or touch another offensively, which threat or attempt reasonably places the other in fear of such contact. The threat or attempt must be coupled with a definitive act by one who has the apparent ability to do the harm or to commit the offensive touching. An essential element of the tort of assault is that the actor knew with substantial certainty that his or her act would bring about harmful or offensive contact." Smith v. John Deere Co. (1993), 83 Ohio App.3d 398,406. See, also, Monrean v. Higbee Dept. Stores, Inc. (Dec. 29, 2000), 11th Dist. No. 99-T-0099, 2000 Ohio App. LEXIS 6217.
 {¶ 25} Because assault is an intentional tort, a key element the plaintiff must establish is that of the defendant's intent to commit the assault. Appellant argued at trial that evidence of the pursuit and disposal of the gun were relevant to prove appellee's intent to commit assault and, therefore, its probative value outweighed any prejudicial effect. We disagree.
 {¶ 26} It is important to note that prior to and during trial appellee maintained that his discharge of the gun was in self-defense. Self-defense may be asserted if a defendant has reasonable grounds and an honest belief that he was in immediate danger of bodily harm. Estill v.Waltz, 10th Dist. No. 02AP-83, 2002 Ohio App. LEXIS 5028, 2002-Ohio-5004, at ¶ 23, citing State v. Williford (1990),49 Ohio St.3d 247. "`Self-defense presumes intentional, willful use offorce to repel force or escape force.'" (Emphasis added.) Estill at ¶ 24, quoting State v. Champion (1924), 109 Ohio St. 281, 286-287. As a result, appellee's claim of self-defense conceded the essential element of intent. This is further corroborated by appellee's testimony which admitted that he fired the gun and that his intent in doing so was to place appellant in fear of harmful contact.
 {¶ 27} To have actual value and be probative of intent the evidence would have had to assist appellant in demonstrating that appellee had no reasonable grounds to discharge the gun or that appellee did not have an honest belief that he was in immediate danger. For example, evidence establishing that appellee pursued appellant after the bricks were thrown would have been probative evidence to rebut appellee's claim of self-defense.
 {¶ 28} Pursuant to Evid.R. 403(A), the trial court's determination that the probative value of the excluded evidence was outweighed by its prejudicial effect was not unreasonable, arbitrary or unconscionable. This is particularly so since the jury was allowed to learn that appellee had fled at a high rate of speed. Thus, the trial court did not abuse its discretion by excluding evidence of the pursuit and the disposal of the gun. Appellant's first assignment of error is without merit.
 {¶ 29} Appellant's sixth assignment of error argues that the trial court erred by excluding a .357 Smith Wesson Magnum Revolver as an evidentiary exhibit. During appellee's cross-examination, appellant's counsel elicited testimony from appellee that he had fired a "handgun" into the air. Appellant's counsel then, in front of the jury, retrieved the .357 magnum from her handbag and displayed it to the jury. At no prior time had appellant notified opposing counsel or the trial court that the .357 magnum would be introduced as an exhibit for trial. Furthermore, the .357 magnum that appellant procured was not the actual gun used by appellee. Following a reprimand by the trial court, appellant requested that the .357 magnum be included as an exhibit. The trial court denied appellant's request.
 {¶ 30} In addition to appellant's apparent failure to comply with the trial court's pre-trial discovery orders, it is evident that the .357 magnum was properly excluded as it had no evidentiary value. Evid.R. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." In conjunction with this rule, Evid.R. 402 provides, "[e]vidence which is not relevant is not admissible." Thus, if evidence is not considered relevant as defined by Evid.R. 401, than such evidence is not admissible under Evid.R. 402.
 {¶ 31} Again, we note that appellant admitted that he fired a "handgun" into the air. The type of firearm appellee used was irrelevant in establishing appellant's assault claim. In other words, the fact that a .357 magnum was used instead of a different caliber gun does nothing to support or counteract any issue of consequence to the determination of this matter. As stated by the trial court, outside the hearing of the jury:
 {¶ 32} "The Court: * * * All I know is, what difference does it make? Even if I would have known that you were going to try to do this I would have told you in advance that you don't have an argument that's valid enough to bring it in. But instead you surprise us with it and brought it in anyway. And I'm telling you all it does, other than perhaps have a jury look at some weapon, it doesn't add to anything because it's, it's not an issue."
 {¶ 33} It is clear that the .357 magnum was not relevant evidence as it did not tend to prove a fact of consequence to the determination of this matter. Thus, in accordance with Evid.R. 401 and 402 the trial court properly excluded the .357 magnum as an evidentiary exhibit. Again, the trial court did not abuse its discretion by excluding such evidence. Appellant's sixth assignment of error is without merit.
 {¶ 34} In his third assignment of error, appellant contends that the trial court abused its discretion by precluding appellant from showing videotaped footage of the shooting scene. During trial, appellant attempted to pause a videotape in order to show the jury a still frame of the parking lot at the Fulton intersection. On appeal, appellant argues that the still frame was blurry and difficult to see and, consequently, the trial court should have allowed him to play a portion of the videotape.
 {¶ 35} A review of the transcript confirms that appellant never requested that a portion of the videotape be played for the jury. The trial court was under no duty to guarantee that appellant's presentation would be visible to the jury. Rather, it was appellant's duty to take the necessary precautionary measures to make certain the jury could properly observe the presentation.
 {¶ 36} Thus, appellant's failure to notify the court that he wanted to play a portion of the videotape has waived any possible error on appeal. Appellant's third assignment of error is meritless.
 {¶ 37} Under his second assignment of error, appellant maintains that the trial court abused its discretion by permitting appellee to show videotape footage of violent union activity outside of the WCI Steel plant. The footage depicted the violent activities of striking employees just outside of the plant's entrance. Appellant now contends that the footage shown was not properly authenticated and prejudicially misleading.
 {¶ 38} As an initial matter, we note that appellant failed to state a proper objection to preserve the record on appeal. Just prior to appellee's case, and outside of the hearing of the jury, appellant objected to appellee's proposed use of the videotape footage during the examination of a witness. The trial court ultimately decided, outside the presence of the jury, to allow the videotape to be shown to the jury. Although stated as an objection, appellant's request to prohibit the use of the videotape footage was in fact an oral motion in limine. "`As related to a trial, a motion in limine is a precautionary request, directed to the inherent discretion of the trial judge, to limit the examination of witnesses by opposing counsel in a specified area until its admissibility is determined by the court outside the presence of the jury.'" State v. Grubb (1986), 28 Ohio St.3d 199, 201, quoting State v.Spahr (1976), 47 Ohio App.2d 221, at paragraph one of syllabus.
 {¶ 39} It is well-established that a party must renew an objection to evidence that was previously objected to in a motion in limine to preserve the record on appeal. "`Although extremely useful as a trial technique, the ruling in a motion in limine does not preserve the recordon appeal. The ruling is as [sic] tentative, preliminary or presumptive ruling about an evidentiary issue that is anticipated but has not yet been presented in its full context. An appellate court need not reviewthe propriety of such an order unless the claimed error is preserved byan objection, proffer, or ruling on the record when the issue is actuallyreached and the context is developed at trial.'" Grubb at 203.
 {¶ 40} In the instant case, appellant failed to renew her objection when the videotape was shown to the jury. Without further objection, we are unable to determine the substance of the objection within the context developed at trial. Thus, appellant's failure to state a proper objection at trial prevents an adequate appellate review and has waived any challenge on appeal. Appellant's second assignment of error is without merit.
 {¶ 41} In the alternative, even if appellant had stated a proper objection, the record before us demonstrates that the videotape evidence was properly authenticated and relevant to appellee's self-defense claim. Evid.R. 901(A) provides that authentication "as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."
 {¶ 42} In Midland Steel Products Co. v. Internatl. Union, UnitedAuto., Aerospace Agricultural Implement Workers of Am., Local 486
(1991), 61 Ohio St.3d 121, 130, the Supreme Court of Ohio found that videotape evidence of a labor strike could be authenticated by the "silent witness" theory. The "silent witness" theory is applicable when the photographic evidence speaks for itself and is substantive evidence of what it portrays. Id. "Under the silent witness theory, photographic evidence may be admitted upon a sufficient showing of the reliability of the process or system that produced the evidence." Id. Expert witness testimony, however, is not required to demonstrate reliability.
 {¶ 43} In the case at bar, the videotape footage speaks for itself and is substantive evidence of the violent activities that occurred outside of WCI's main entrance. Also, on direct-examination, the plant security manager, Ronald Ebert, testified to the reliability of the videotape footage. Therefore, the videotape footage was properly authenticated.
 {¶ 44} Furthermore, the footage seen by the jury was relevant to appellee's self-defense claim. Specifically, it demonstrated the violent nature of the striking employees and the tactics they employed in an attempt to harass non-striking employees. Notably, the footage showed striking employee's throwing rocks and bricks at vehicle's leaving the plant. Such evidence bolsters appellee's claim that he acted in self-defense when appellant, as a striking union member, initiated their confrontation by throwing bricks at his truck.
 {¶ 45} Because the record has affirmatively established that the videotape footage was properly authenticated and relevant to appellee's self-defense claim, the trial court properly admitted the evidence. Thus, for these additional reasons, appellant's second assignment of error is without merit.
 {¶ 46} Appellant's fifth assignment of error contends that the trial court erred by not issuing a jury instruction as to negligence. After the close of appellant's case, and just prior to appellee's case, appellant's counsel withdrew his claim of negligence. Following the dismissal of the negligence claim, appellee presented his case to the jury and appellant presented a brief rebuttal. Immediately before jury instructions and closing arguments, appellant attempted to resubmit his claim of negligence and requested a jury instruction relating to negligence:
 {¶ 47} "The Court: * * * We reviewed the transcript which, of course, will be made available as part of the appeal, and based on the language in the transcript, and not that the Court felt it necessary, but it reaffirmed to the Court that there was, in fact, a withdrawal of the complaint with respect to negligence and so, therefore, that will not be included in the jury instructions, although there is nevertheless an objection with respect to that, is that correct, Mr. Culver?
 {¶ 48} "Atty. Culver: Yes, there was a request with regard to that, and that the negligence instruction be included."
 {¶ 49} The trial court denied both requests.
 {¶ 50} As an initial matter, we note that appellant failed to state a proper objection for the record. An objection to a trial court's refusal to give a requested jury instruction is governed by Civ.R. 51(A). In pertinent part, Civ.R. 51(A) states:
 {¶ 51} "At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. * * *
 {¶ 52} "On appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury."
 {¶ 53} To properly preserve an objection on appeal, Civ.R. 51(A) requires the objecting party to specifically state the grounds of the objection. Accordingly, "`[a] general exception to instructions, without stating any ground therefor, fails to comply with the plain command of the rule that the grounds of objection must be stated "distinctly," and presents nothing for review.'" Kelley v. Cairns Bros., Inc. (1993),89 Ohio App.3d 598, 613, quoting Singfield v. Thomas (1991),28 Ohio App.2d 185, 187. See, also, Schade v. Carneigie Body Co. (1982),70 Ohio St.2d 207; Davis v. Sam's Club (Sept. 12, 1996), 8th Dist. Nos. 69647 and 70284, 1996 Ohio App. LEXIS 3924; Hardiman v. Zep Mfg. Co.
(1984), 14 Ohio App.3d 222; Kovach v. Lazzano (Aug. 5, 1983), 11th Dist. No. 1082, 1983 Ohio App. LEXIS 12491.
 {¶ 54} In the case at bar, the record demonstrates that appellant merely requested that his negligence claim be resubmitted and a jury instruction be given accordingly. Appellant provided no basis or support for his objection on the record. When the record fails to demonstrate the express grounds for an objection to a jury instruction, we are unable to render an adequate appellate review and are compelled to presume the trial court's decision to be proper. Thus, appellant's fifth assignment of error is meritless.
 {¶ 55} Assuming that appellant had stated a proper objection, it is clear that the trial court's decision to exclude the jury instruction was appropriate. It is well-established that "a court's instructions to the jury should be addressed to the actual issues in the case as posited by the evidence and the pleadings." State v. Guster (1981), 66 Ohio St.2d 266,271.
 {¶ 56} As mentioned previously, prior to and during trial appellant admitted that he had fired the gun intentionally. Neither party presented any evidence demonstrating that appellee's firing of the gun was due to negligence. Because negligence was not an issue in this case, the trial court appropriately refused to submit a jury instruction pertaining to negligence. For this additional reason, appellant's fifth assignment of error is without merit.
 {¶ 57} Appellant's fourth assignment of error contends that the trial court erred by prohibiting a jury instruction regarding willful or wanton misconduct. Appellant first requested a jury instruction on willful or wanton misconduct following the close of both parties' cases and just prior to jury instructions.
 {¶ 58} Again, appellant's recorded objection failed to comply with the requirements of Civ.R. 51(A) because it did not provide the specific grounds upon which the objection was based. Moreover, as stated by the trial court, the issue of willful and wanton misconduct was never made part of appellant's pleadings or presented to the jury. Consequently, to reassert a claim for willful and wanton misconduct appellant was required to amend his pleadings pursuant to Civ.R. 15(B). He did not do this.
 {¶ 59} Nevertheless, even if appellant had properly preserved his objection and amended his complaint, his fourth assignment of error would still fail based upon harmless error. More specifically, prior to deliberations the jury received an interrogatory which stated the following:
 {¶ 60} "1. Do You Find That Defendant, David Provitt [appellee] Assaulted Plaintiff, Henry Malone [appellant]?"
 {¶ 61} The jury answered the above question by circling the word "no[,]" and subsequently entered a general verdict in favor of appellee.
 {¶ 62} The basis for the jury's finding that appellee did not assault appellant could only be grounded upon its acceptance of appellee's self-defense claim. As stated previously, appellee's claim of self-defense conceded the essential elements of assault. Furthermore, "proof of a physical injury is not required as an attempt or threat of physical injury is enough to support an assault claim." Stokes v.Meimaris (1996), 111 Ohio App.3d 176, 187. Because appellant was not required to prove an actual physical injury to recover damages for assault, the jury's basis for finding that appellee did not commit an assault was limited solely to accepting his self-defense claim.
 {¶ 63} Accordingly, we note that self-defense is also an affirmative defense against a claim that a party acted with willful and wanton misconduct. See, e.g., State v. Tanner (June 5, 2002), 9th Dist. No. 3258-M, 2002 WL 1265540. Therefore, because the jury found that appellee acted in self-defense, a claim for willful and wanton misconduct would have also been invalidated by this finding. Appellant's fourth assignment of error is without merit.
 {¶ 64} Based upon the foregoing analysis appellant's six assignments of error are meritless. The judgment of the trial court is hereby affirmed.
Judgment affirmed.
William M. O'Neill and Cynthia Westcott Rice, JJ., concur.
[1] Although appellant names Mrs. Malone as a party to this appeal, the notice of appeal filed with this court reveals that only Henry Malone was named as an appealing party. Accordingly, Henry Malone is the only party recognized on appeal. App.R. 3(B).
[2] Our discussion regarding appellant's fifth assignment of error will analyze in more detail appellant's waiver of his negligence claim.