OPINION
{¶ 1} Appellant, Bruce B. Vonbergen, appeals from a judgment of the Trumbull County Court of Common Pleas, convicting him of one count of robbery. We affirm.
 {¶ 2} On August 20, 2004, the Trumbull County Grand Jury indicted appellant on one count of robbery, a second degree felony in violation of R.C. 2911.02(A)(2)(B). Appellant pleaded not guilty to the foregoing count, and this matter proceeded to a jury trial.
 {¶ 3} The following was revealed during trial. The victim testified that on June 30, 2004, at approximately 4:50 a.m., she drove into the parking lot of a Dairy Mart store located in Trumbull County, Ohio. While still in her car, she saw appellant vomiting outside the store. She waited until he was finished and walked toward the store's entrance with seven dollars in her hand. As she moved toward the entrance, appellant approached her and stated "give me the money." When the victim refused to do so, appellant grabbed the money from her hand and proceeded to bite her thumb. She testified that appellant then got in a car, which was being driven by another individual, and drove away. The victim subsequently entered the store for assistance.
 {¶ 4} Betty Sue Lefkowitz ("Betty") was an employee of the Dairy Mart store. She was working behind the counter on June 30, 2004. Betty testified that at approximately 4:45 a.m. appellant's friend, Mike Walker ("Mike"), entered the store to purchase cigarettes. She recognized Mike as he was a regular customer.
 {¶ 5} Betty stated that Mike purchased cigarettes and left the store. Moments later the victim entered the store. Betty also recognized the victim as she was a regular customer. Betty testified that the victim informed her that she had been robbed and that the perpetrator bit her finger. The victim's finger was bleeding profusely.
 {¶ 6} Mike testified that he and appellant stopped at the Dairy Mart on the morning of June 30, 2004. Mike stated that he entered the Dairy Mart while appellant waited outside in the parking lot. After Mike exited the parking lot, he saw appellant at the corner of the store vomiting. Mike got in his car and watched appellant approach the victim. He heard appellant demand money from the victim and saw appellant take money from the victim's hand. Appellant then returned to Mike's car and instructed him to drive away.
 {¶ 7} Sara Shafer ("Sara"), appellant's ex-girlfriend, testified that appellant called her on the evening of June 30, 2004. She stated that during the phone conversation, appellant admitted to robbing and biting a woman that morning.
 {¶ 8} At trial, the state presented exhibit 1, which was a DVD of various images recorded from the store on the morning of the robbery. These images were shown to the jury. Exhibit 1 displayed Mike entering the store and purchasing cigarettes. Further images confirm that Mike exited the store and immediately entered his car. The images then show another individual walk in front of the store's entrance and approach the victim. The victim then entered the store with the injury to her thumb.
 {¶ 9} Linda Owens ("Linda"), the store's manager, testified that she was responsible for monitoring and maintenance of the recording device which recorded the DVD images of exhibit 1. She also provided testimony establishing that the images accurately depicted the store and that the images were in her custody until they were taken as evidence.
 {¶ 10} At the close of all evidence, the state moved to formally admit exhibit 1. Appellant objected on the basis that the state failed to properly authenticate the exhibit. The trial court overruled appellant's objection and formally admitted exhibit 1.
 {¶ 11} The jury returned a unanimous verdict of guilty on one count of robbery. Accordingly, the trial court issued a judgment entry convicting appellant on one count of robbery and proceeded to sentence appellant to a prison term.
 {¶ 12} From this judgment, appellant filed a timely notice of appeal and now sets forth the following assignments of error for our consideration:
 {¶ 13} "[1.] The trial court erred and abused its discretion by admitting the state's Exhibit No. One into evidence.
 {¶ 14} "[2.] The appellant's convictions are against the manifest weight of the evidence."
 {¶ 15} Under his first assignment of error, appellant argues that the court erred by overruling his objection to the admission of state's exhibit 1. Specifically, appellant maintains that the exhibit was not properly authenticated under Evid.R. 901(B)(1), as Linda did not personally witness the events recorded on the DVD. We disagree.
 {¶ 16} The determination to admit or exclude evidence is within the sound discretion of the trial court and will not be reversed by an appellate court absent a showing of an abuse of discretion. State v. Sledge, 11th Dist. No. 2001-T-0123, 2003-Ohio-4100, at ¶ 20. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."State v. Montgomery (1991), 61 Ohio St.3d 410, 413.
 {¶ 17} Appellant's argument ignores Evid.R. 901(A), which provides that authentication "as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." This court and the Ohio Supreme Court have held that photographic and videotape evidence can be authenticated under Evid.R. 901(A), per the "silent witness" theory. See, e.g.,Stevens v. Provitt, 11th Dist. No. 2002-T-0076, 2003-Ohio-7226, at ¶ 42.
 {¶ 18} In Midland Steel Products Co. v. Internatl. Union,United Auto., Aerospace Agricultural Implement Workers of Am.,Local 486 (1991), 61 Ohio St.3d 121, 130, the Ohio Supreme Court found that videotape evidence could be authenticated by the "silent witness" theory. See, also, Stevens at ¶ 42. The "silent witness" theory is applicable when the photographic evidence speaks for itself and is substantive evidence of what it portrays. Midland Steel Products Co. at 130. "Under the silent witness theory, photographic evidence may be admitted upon a sufficient showing of the reliability of the process or system that produced the evidence." Id. Expert witness testimony is not required to demonstrate reliability. Id.
 {¶ 19} Here, Linda testified that her job duties included maintaining and reviewing the recorded images captured by state's exhibit 1. She provided testimony describing how the recording device operated and that she was custodian of the images it recorded. Finally, Linda testified that the various images of exhibit 1 accurately depicted the store and its surroundings.
 {¶ 20} Because Linda testified with respect to the reliability of the process that produced the images and that the images represented what the state purported, state's exhibit 1 was properly authenticated. See, e.g., Midland Steel ProductsCo.; Stevens. See, also, State v. Ice, 7th Dist. No. 04 BE 8, 2005-Ohio-1330, at ¶ 22. Thus, appellant's first assignment of error is without merit.
 {¶ 21} Under his second assignment of error, appellant contends that his conviction of robbery was against the manifest weight of the evidence. Appellant bases his argument upon the victim's alleged inability to provide an adequate description of his height and weight during trial. In doing so, appellant implies that Mike was the perpetrator of the robbery. Also, appellant argues that his conviction was against the manifest weight of the evidence due to the admission of the unauthenticated exhibit 1 and discrepancies in Mike's testimony relating to the robbery.
 {¶ 22} When reviewing a claim that a judgment was against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered. State v. Martin (1983),20 Ohio App.3d 172, 175. See, also, State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52.
 {¶ 23} "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. The role of the appellate court is to engage in a limited weighing of the evidence introduced at trial in order to determine whether the state appropriately carried its burden of persuasion. Thompkins
at 390 (Cook, J., concurring). The reviewing court must defer to the factual findings of the trier of fact as to the weight to be given the evidence and the credibility of the witnesses. Statev. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 24} When assessing witness credibility, "[t]he choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact."State v. Awan (1986), 22 Ohio St.3d 120, 123. "Indeed, the factfinder is free to believe all, part, or none of the testimony of each witness appearing before it." Warren v. Simpson (Mar. 17, 2000), 11th Dist. No. 98-T-0183, 2000 Ohio App. LEXIS, at 8. Furthermore, if the evidence is susceptible to more than one interpretation, a reviewing court must interpret it in a manner consistent with the verdict. Id.
 {¶ 25} In the instant case, there was abundant competent and credible evidence to support appellant's conviction. First, with respect to state's exhibit 1, we have held that the exhibit was properly authenticated. Thus, appellant cannot rely upon any alleged error in the admission of the exhibit to show that his conviction was against the manifest weight of the evidence.
 {¶ 26} The victim's failure to adequately describe appellant's height and weight, standing alone, does not demonstrate that the jury lost its way. Additional testimony established that the victim positively identified appellant prior to his arraignment. Moreover, the recorded images clearly show that Mike immediately entered his vehicle after leaving the store, and that another individual approached the witness and robbed her. Evidence also established that appellant admitted to Sara he robbed and bit a woman on the morning of June 30, 2004.
 {¶ 27} Finally, Mike's testimony with respect to the robbery substantially corroborated the victim's testimony. Like the victim, Mike testified that he saw appellant vomiting and then appellant approached the victim as she moved toward the store entrance. Mike heard appellant demand money from the victim and, when she refused, appellant took the money from her hand. While he did not testify that he witnessed appellant bite the victim's thumb, Mike did admit that he was unable to witness or remember every detail of the robbery. Nevertheless, the jury was in the best position to find Mike's testimony credible, despite any minor discrepancies.
 {¶ 28} Again, there was abundant competent, credible evidence for the jury to base its conviction. Thus, appellant's second assignment of error is without merit.
 {¶ 29} Based upon the foregoing analysis, appellant's two assignments of error are without merit. We hereby affirm appellant's conviction.
Diane V. Grendell, J., Cynthia Westcott Rice, J., concur.